UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK N.A., <br><br>    Plaintiff, <br><br>    vs. <br><br> STEPHANIE E. JONES, <br><br>    Defendant. | Case No. EDCV 12-1454-UA (JPR) <br><br> ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION |

The Court hereby summarily remands this unlawful-detainer action to state court because Defendant removed it improperly. Defendant was already advised once, in Case No. CV 12-0840-CAS-VBK, that she may not remove this action to federal court. If she attempts to do so again, she is warned that she may be declared a vexatious litigant pursuant to Local Rule 83-8.

On August 29, 2012, Defendant, having been sued in what appears to be a routine unlawful-detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied Defendant's IFP application under

separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand it to state court.

This action is not properly removed because Plaintiff could not have brought it in federal court in the first place; Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 2623, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). Although Defendant asserts that the complaint "originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b)" (Notice of Removal at 2), removal is improper if it is "facially apparent" from the complaint that the amount-in-controversy requirement is not satisfied. See Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 690 (9th Cir. 2006). Here, the unlawful-detainer Complaint clearly recites that the amount in controversy does not exceed $10,000.[1]

Nor does Plaintiff's unlawful-detainer action raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(a).

---

[1] Moreover, even if the amount in controversy was ambiguous from the face of the Complaint, which it is not, it would then be Defendant's burden to submit "summary-judgment-type evidence" to prove by a preponderance of the evidence that the amount-in-controversy requirement had been satisfied. See Abrego Abrego, 443 F.3d at 683, 690; Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010). Defendant has not submitted any such evidence.

1  Defendant asserts that federal question jurisdiction exists
2  because Plaintiff's eviction of Defendant violated the Protecting
3  Tenants at Foreclosure Act, 12 U.S.C. § 5220.  (Notice of Removal
4  at 2.)  To the extent Defendant's allegations constitute a
5  counterclaim, they still do not provide a basis for federal-
6  question jurisdiction.  It is well established that a suit
7  "arises under" federal law within the meaning of § 1331 "only
8  when the plaintiff's statement of his own cause of action shows
9  that it is based upon [federal law]."  Vaden v. Discover Bank,
10 556 U.S. 49, 59, 12 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009)
11 (alteration in original).  Federal jurisdiction "cannot be
12 predicated on an actual or anticipated defense," nor can it rest
13 upon "an actual or anticipated counterclaim."  Id. at 60.
14 Because the Complaint on its face alleges only an unlawful-
15 detainer action under state law, no basis for federal-question
16 jurisdiction exists.  See HSBC Bank USA, N.A. v. Bryant, No.
17 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10,
18 2009) (remanding unlawful-detainer action because "no basis for
19 'federal question' jurisdiction" existed despite defendant's
20 assertion of federal counterclaims).
21
22
23
24
25
26
27
28

1  Accordingly, IT IS ORDERED that (1) this matter be REMANDED
2  to the Superior Court, Riverside County, 13800 Heacock, Building
3  D-201, Moreno Valley, California, 92338, for lack of subject
4  matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the
5  Clerk send a certified copy of this Order to the state court; and
6  (3) the Clerk serve copies of it on the parties.
7  IT IS SO ORDERED.

9  DATED: 9/10/2012

*/s/ A. B. Collins*
AUDREY B. COLLINS
CHIEF U.S. DISTRICT JUDGE

11 Presented by:

*/s/ Jean Rosenbluth*
Jean Rosenbluth
U.S. Magistrate Judge